UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN DOE #5, | ) |
| JOHN DOE #6, | ) |
| JOHN DOE #7, | ) |
| JOHN DOE #8 IP 98.223.60.235, | )  No. 1:12-cv-00844-TWP-MJD |
| JOHN DOE #9, | ) |
| JOHN DOE #10, | ) |
| JOHN DOE #11, | ) |
| JOHN DOE #12, | ) |
| JOHN DOE #13, | ) |
| MATTHEW OLDLAND, | ) |
| DERRICK LUND, | ) |
| | ) |
| Defendants. | ) |

**ORDER TO SHOW CAUSE**

This matter comes before the Court on a proposed Motion to Quash. [Dkt. 14.] That motion was submitted, by counsel, on behalf of an individual identified only as "Doe # 8." [*Id.*]

A movant may not automatically proceed anonymously. Permitting a party to proceed under a fictitious name is an unusual measure reserved for exceptional cases. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). A district court has the discretion to permit a party to proceed under a fictitious name in cases where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (citations omitted). Anonymous litigation is disfavored because "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710

(7th Cir. 2005) (*citing Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544 (7th Cir.2002); *Union Oil Co. of California v. Leavell,* 220 F.3d 562 (7th Cir.2000)). The presumption that the parties' identities are public information, and that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

The district court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "[T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." *Id.* District courts are not permitted to grant motions to proceed anonymously without explaining their grounds for so doing. *Smith*, 429 F.3d at 710. As such, a party seeking to proceed anonymously must obtain leave from the district court so that the court may determine whether exceptional circumstances exist such that permitting the party to proceed anonymously is proper. Any motions for leave to proceed anonymously should recognize the presumption against anonymity and clearly show that the harm to the defendant from disclosure exceeds the likely harm from concealment, and must overcome the strong presumption in favor of requiring parties to proceed under their true names. *See P.D. ex rel. C.D. v. Carroll Consol. School Corp.*, 820 F. Supp. 2d 907, 909 (N.D. Ind. 2011); *Indiana Black Expo*, 923 F. Supp. at 142 (courts generally reject concerns about economic well-being and possible embarrassment or humiliation as sole basis for proceeding under fictitious names).

The movant is hereby granted fourteen days of the date of this Order to either provide the Court with information identifying "Doe # 8" for the record or, if the movant wishes to proceed

anonymously in this matter, to file an appropriate *ex parte* motion seeking such relief, supported by a developed factual and legal showing sufficient to justify such an order. Absent that, the movant is hereby Ordered to Show Cause, within fourteen days of the date of this Order, why the Motion to Quash, [Dkt. 14], should not be stricken.

Dated: 10/31/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JOHN DOE #7
D. Hillman
2099 Malibu Drive
West Lafayette, IN 47906

Eric James Menhart
LEXERO LAW FRIM
eric.menhart@lexero.com

Mark Simpson Davis
MARK DAVIS LAW FIRM
mdavis@davislaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com