UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN DOE #3, ) | |
| JOHN DOE #5, ) | |
| JOHN DOE #6, ) | |
| JOHN DOE #7, ) | |
| JOHN DOE #8 IP 98.223.60.235, ) | No. 1:12-cv-00844-TWP-MJD |
| JOHN DOE #9, ) | |
| JOHN DOE #10, ) | |
| JOHN DOE #11, ) | |
| JOHN DOE #12, ) | |
| MATTHEW OLDLAND, ) | |
| DERRICK LUND, ) | |
| RADLEY HADDAD, ) | |
| ) | |
| Defendants. ) | |

**ORDER REGARDING DOE DEFENDANT 7'S MOTION TO QUASH**

This matter is before the Court on Defendant John Doe 7's Motion to Quash Plaintiff's third party subpoena issued to his internet service provider. The Court, being duly advised, orders John Doe 7 to identify himself or herself to the Court or John Doe 7's Motion to Quash will be stricken.

### I.   Background

This is an action for copyright infringement brought against multiple individuals, including John Doe 7, who are identifiable to Plaintiff Patrick Collins, Inc. ("Patrick Collins") only by their Internet Protocol ("IP") addresses.  On September 10, 2012, John Doe 7 filed a

Motion to Quash Patrick Collins' third party subpoena to his internet service provider that requested the identity associated with his IP address. (Dkt. 11). The motion was signed electronically "John Doe 7." On October 31, 2012, the Court issued an Order to Show Cause requiring John Doe 7 to either identify himself for the record or file an ex parte motion to proceed anonymously supported by a factual and legal showing to justify such an order. (Dkt. 38). On November 7, 2012, John Doe filed an amendment to his motion changing the electronic signature to an actual handwritten "John Doe," but still failing to identify himself or herself to the Court. (Dkt. 44). While John Doe 7, a pro se litigant, has not filed a motion for leave to proceed anonymously, the Court will treat his consistent failure to identify himself as such a request.

## II.     Legal Standard

Allowing the use of a fictitious name in litigation is disfavored. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id*; *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest that is frustrated when any part of litigation is conducted in secret."). A district court has the discretion to permit a party to proceed anonymously only where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (citations omitted).

When evaluating a request to proceed anonymously, courts will consider the following factors to determine whether the party's interest in privacy is so significant as to outweigh the

strong presumption favoring identification of litigants: (1) whether the party is challenging governmental activity; (2) whether the party's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the party's intention to engage in illegal conduct; (4) whether identification would put the party at risk of suffering physical or mental injury; (5) whether the opposing party would be prejudiced by allowing the party to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. *Doe v. Ind. Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D. Ind. 1996). The first factor is not applicable to this case. The Court will address the remaining factors below.

### III.   Discussion

As a threshold matter, John Doe 7's failure to identify himself to the Court in violation of the Order to Show Cause is sufficient grounds to deny both his motion to quash and a motion for leave to proceed anonymously.[1] Without knowing the identity of the defendant, the Court is unable to determine whether any conflict of interest might exist. For example, if the defendant were related to or acquainted with a member of the Court's staff, action may be required to eliminate the potential conflict of interest. For that reason, no litigant may remain anonymous to the Court. Consequently, even if John Doe 7 had filed a motion to proceed anonymously, he would have to identify himself to the Court in order to proceed. Regardless of his failure to identify himself, however, as explained below, the Court will not allow him to proceed anonymously.

The factors to consider for a request to proceed anonymously referenced above are interrelated in this case and will be addressed together. Doe defendants typically argue they

---

[1] The Court's usage of the pronoun "he" to refer to John Doe 7 reflects the gender of the pseudonym John Doe and not necessarily the gender of the individual the pseudonym represents.

should be permitted to proceed anonymously primarily due to the potential embarrassment and harm from being publically, and erroneously, linked to the illegal downloading of pornography. However, this does not appear to be a case involving "disclosure of information of the utmost intimacy." *See Plaintiff B. v. Francis MRA Holdings, LLC*, 631 F.3d 1310, 1316-19 (11th Cir. 2011) (applying the "utmost intimacy" standard); s*ee also Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Although the Court acknowledges there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing defendant to proceed anonymously. As other district courts have held, mere embarrassment does not suffice to overcome the public's interest in disclosure. *See Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F.Supp.2d 444, 452 (D. Mass. 2011); *Malibu Media, LLC v. John Does 1-25*, 2012 WL 3940142 (M.D. Fla. 2012). "It is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order." *Patrick Collins, Inc. v. John Does 1-54*, 2012 WL 911432 (D. Ariz. 2012). In other words, in many cases embarrassment over being named a defendant in a lawsuit is an unavoidable part of the litigation process. The proper remedy is not to depart from the "constitutionally-embedded presumption" of openness of judicial proceedings; the remedy is to vigorously defend the lawsuit.

As explained in the Order to Show Cause, Rule 11 (a) of the Federal Rules of Civil Procedure requires the Court to strike unsigned pleadings. John Doe 7 has not identified himself to the Court and will not be permitted to proceed anonymously in this matter. Therefore, the Court must disregard John Doe 7's Motion to Quash if John Doe 7 fails to identify himself or herself.

Case 1:12-cv-00844-TWP-MJD   Document 55   Filed 01/29/13   Page 5 of 5 PageID #: 338

### IV.     Conclusion

For the reasons discussed above, **IT IS HEREBY ORDERED** that John Doe 7 identify himself to the Court within fourteen (14) days of the date of this Order; failure to do so will result in the Motion to Quash and all other documents filed by or on behalf of John Doe 7 being stricken.

Dated:      01/29/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JOHN  DOE #7
D. Hillman
2099 Malibu Drive
West Lafayette, IN 47906

Eric James Menhart
LEXERO LAW FRIM
eric.menhart@lexero.com

Mark Simpson Davis
MARK DAVIS LAW FIRM
mdavis@davislaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com