UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN DOE #3, | ) |
| JOHN DOE #5, | ) |
| JOHN DOE #6, | ) |
| DUSTIN HILLMAN, | ) |
| DEREK LOWERY, | ) No. 1:12-cv-00844-TWP-MJD |
| JOHN DOE #9, | ) |
| JOHN DOE #10, | ) |
| JOHN DOE #11, | ) |
| JOHN DOE #12, | ) |
| MATTHEW OLDLAND, | ) |
| DERRICK LUND, | ) |
| RADLEY HADDAD, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO QUASH OR MODIFY SUBPOENA**

This matter is before the Court on Defendant Dustin Hillman's Motion to Quash or Modify Subpoena. The Court, being duly advised, DENIES Defendant's motion.

**I.   Background**

This is an action for copyright infringement brought against multiple individuals, including Mr. Hillman (formerly "John Doe 7"), who initially were identifiable to Plaintiff Patrick Collins, Inc. ("Plaintiff" or "Patrick Collins") only by their Internet Protocol ("IP") addresses. Patrick Collins claims to own the copyright for a motion picture. [Dkt. 1, ¶ 11.] Plaintiff alleges each of the Defendants unlawfully downloaded and shared this copyrighted

work using the BitTorrent peer-to-peer file sharing protocols. [Dkt. 1, ¶¶ 14-16.] Plaintiff sought, and was granted, leave from this Court to serve non-party subpoenas on the Internet Service Providers ("ISPs") to discover the identities of the individuals associated with each IP address, including Mr. Hillman. On September 10, 2012, Mr. Hillman filed a Motion to Quash or Modify the third party subpoena to his ISP. [Dkt. 11.]

## II.     Legal Standard

Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena if it fails to allow a reasonable time to comply; requires a person who is neither a party nor a party's officer to travel more than 100 miles; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). A court may also quash or modify a subpoena if it requires disclosure of a trade secret or other confidential information, disclosure of an unretained expert's opinion, or a person who is neither a party nor a party's officer to incur substantial expenses to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B)(i)-(iii).

The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria. *Malibu Media, LLC v. John Does 1-14*, 2012 WL 6115653 (N.D. Ind. 2012).

## III.     Discussion

Mr. Hillman generally argues the Court should quash Patrick Collins' subpoena because he did not illegally download the film and identifying him will expose him to "shake down methods" for settlement. [Dkt. 11, p. 1.] Denying liability, however, does not provide grounds to quash a valid subpoena. "Such objections to the subpoena based on the possibility that [Defendant's] IP address may have been used by someone else to violate the copyright are

likewise 'irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety *vel non* of the subpoenas.'" *Id*. at * 3, quoting *West Coast Production, Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D. C. 2011).  In other words, whether Mr. Hillman is actually liable is a contested issue of fact that will be litigated.  His protestations of innocence are not a proper basis for the Court to quash the subpoena seeking his identity.  *See id*.

The Court also does not find Mr. Hillman's speculation that he will be subjected to abusive settlement tactics to be persuasive or in any way a basis for quashing a subpoena.  Mr. Hillman offers no evidence that such tactics have been utilized in this case.  In addition, in response to similar concerns raised across the country, this Court has implemented procedures to protect Defendants from potentially harassing conduct in this case.  [*See* Dkt. 19 and 51.]   For example, Plaintiff must seek leave of the Court to communicate with John Doe Defendants until an amended complaint has been filed naming Defendants.  *Id*.

Plaintiff sought leave of court to serve the subpoenas to identify the Doe Defendants.  The Court found cause to grant the request because it was the only method for Plaintiff to properly identify the defendants and assert its copyright infringement claims.  Although there is no guarantee the person associated with the IP address is in fact the infringer, "[t]he customer may know who used the Alleged IP Address at issue . . . or lead to any neighbor or other person who may have illegally connected to a customer's wireless technology." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012).

Defendant Hillman will have the opportunity to dispute whether he was actually the person who illegally downloaded the film as the litigation progresses.  At this point, this is a discovery issue.  Patrick Collins seeks this relevant information that is reasonably calculated to

lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The Court finds the third party subpoenas are proper.

## IV.     Conclusion

Mr. Hillman has not met his burden of showing the subpoena meets the criteria of Rule 45 (c)(3)(A) therefore his motion to quash or modify the subpoena is **DENIED**.

Date: 03/05/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DUSTIN  HILLMAN
2099 MALIBU DRIVE
WEST LAFAYETTE, IN 47906

Eric James Menhart
LEXERO LAW FRIM
eric.menhart@lexero.com

Mark Simpson Davis
MARK DAVIS LAW FIRM
mdavis@davislaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com