UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00844-TWP-MJD |
| DEREK LOWERY, DERRICK LUND, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AS TO DEREK LOWERY**

This cause is before the Court on the Plaintiff's motion for default judgment as to Defendant Derek Lowery. [Dkt. 103.] Lowery has not responded, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling.

**I. STANDARD**

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*

## II. BACKGROUND

In its Complaint, Patrick Collins, Inc. alleges that Lowery and others directly and contributorily infringed its copyrighted work when they downloaded and disseminated without authorization all or a portion of a movie owned by Patrick Collins (the "Work") using BitTorrent, a peer-to-peer file sharing protocol. Patrick Collins served Defendant Derek Lowery with a Summons and Fourth Amended Complaint on April 14, 2013. Default was entered as to Lowery on June 18, 2013. By virtue of entry of default against Lowery, Patrick Collins' allegations as to liability are taken as true. Patrick Collins now seeks entry of default judgment.

## III. DISCUSSION

### A. Damages

Under 17 U.S.C. § 504(c)(1), a copyright owner may elect actual or statutory damages. Statutory damages range from a sum not less than $750 to not more than $30,000, as the court considers just. Here, Patrick Collins seeks damages in the amount of $20,000 in statutory damages. The Court finds this amount just under the circumstances. By virtue of entry of default, it has been established as a factual matter that Lowery uploaded and downloaded all or a portion of the copyrighted work without authorization, enabling countless unknown others to obtain the work in the process. In addition, the Court finds this award just in light of Congress's recognition of the "disturbing trend" of internet piracy.

### B. Injunctive Relief

Patrick Collins also seeks injunctive relief pursuant to 17 U.S.C. §§ 502 and 503. Under § 503(b), the Court may order the destruction of all copies made or used in violation of the copyright owner's exclusive rights. Given the nature of the infringement that occurred in this case – participating in a "swarm" and downloading and uploading copyrighted work – the Court

finds this injunction particularly appropriate here. Accordingly, Lowery is ordered to destroy all copies of the Work in his possession or control.

Patrick Collins also seeks the entry of an injunction under § 502(a), which section provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Here, Patrick Collins seeks an injunction enjoining Lowery "from directly, contributorily or indirectly infringing [Patrick Collins'] rights under federal or state law in the Work, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Work available for distribution to the public, except pursuant to a lawful license or with the express authority of [Patrick Collins]." Plaintiff's Proposed Order at 3-4, Dkt. No. 103-2. This requested injunction is, however, simply a mandate that Lowery follow copyright laws; it is, therefore, unnecessary.

### C. Costs of Suit and Attorney's Fees

Pursuant to 17 U.S.C. § 505, the court in its discretion may award recovery of full costs and reasonable attorney's fees to a prevailing party. The declaration of Patrick Collins' counsel provides that Patrick Collins has incurred $445.00 in costs and $2,550.00 in attorney's fees in this matter with respect to the prosecution of its claims against Lowery. The Court finds the amount of those costs and fees to be reasonable in the circumstances of this case.

### IV. CONCLUSION

To the extent set forth above, the Court **GRANTS** Patrick Collins' motion for default judgment. The Court finds an award of $20,000 in damages is just under the circumstances. In addition, injunctive relief is appropriate to the extent set forth above. Finally, the Court finds the amount of costs and fees sought by Plaintiff to be reasonable. Accordingly, the Court

recommends that judgment issue in favor of Plaintiff Patrick Collins and against Defendant Derek Lowery in the total amount of $22,995.00.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 10/31/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric James Menhart
LEXERO LAW FRIM
eric.menhart@lexero.com

Mark Simpson Davis
MARK DAVIS LAW FIRM
mdavis@davislaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com