UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:12-cv-00844-TWP-MJD |
| DEREK LOWERY, DERRICK LUND, | ) ) |
| Defendants. | ) ) ) |

**AMENDED REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Patrick Collins, Inc.'s Motion to Withdraw Voluntary Dismissal [Dkt. 83]. For the reasons set forth below, the Magistrate Judge recommends **DENYING** the motion.

## I.     Procedural History

Plaintiff filed the instant action on June 18, 2012 against various unnamed defendants identified only by their Internet Protocol ("IP") address. Plaintiff alleged that these defendants infringed on Plaintiff's copyrighted works using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. After subpoenaing the internet service provider ("ISP") to identify the owners of the IP addresses, Plaintiff amended its complaint on September 26, 2012 and named Derrick Lund as a defendant. [Dkt. 27.] Plaintiff also filed a second amended complaint on September 27, 2012 [Dkt. 27] and a third amended complaint on November 12, 2012 [Dkt. 46] naming Lund as a defendant.

After failing to file an answer or other pleading, the Clerk entered an entry of default on March 12, 2013. [Dkt. 64.] Plaintiff moved for default judgment on April 16, 2013 [Dkt. 71]

which was granted and judgment was entered against Lund on May 13, 2013 [Dkt. 75]. The following day, May 14, 2013, Plaintiff filed a Notice of Voluntary Dismissal as to Derrick Lund Only, seeking to dismiss Lund with prejudice. [Dkt. 76.] That same day, Plaintiff filed an Unopposed Motion to Vacate the Clerk's Entry of Default and the Default Judgment Entered Against Defendant Derrick Lund and to Dismiss Derrick Lund. [Dkt. 79.] In that motion, Plaintiff again requested that Lund be dismissed with prejudice. [*Id*.] The next day, May 15, 2013, Judge Pratt entered an Order granting Plaintiff's motion to vacate the default judgment and dismissed Lund with prejudice. [Dkt. 81.] Judge Pratt also acknowledged Plaintiff's Notice of Voluntary Dismissal, noting that the case was dismissed with prejudice. [Dkt. 82.] The following day, May 16, 2013, Plaintiff filed the instant motion to withdraw the voluntary dismissal. [Dkt. 83.]

On May 24, 2013, Lund filed a motion for attorney's fees as a prevailing party. [Dkt. 87.] On June 6, 2013, the Court granted Plaintiff's motion to withdraw the voluntary dismissal and reinstated Lund as an active defendant. [Dkt. 91.] Given the Court's order, on June 13, Plaintiff filed a Notice that Lund's motion for attorney's fees is moot. [Dkt. 94.] Subsequently, Lund filed a motion for reconsideration regarding the Court's Order on Plaintiff's motion to withdraw notice of voluntary dismissal. [Dkt. 96.] On July 3, 2013, the Court granted Lund's motion for reconsideration and vacated its Order regarding the instant motion, finding that Lund was not properly served. [Dkt. 99.] Having been fully briefed, the Court now considers Plaintiff's Motion to Withdraw Notice of Voluntary Dismissal. [Dkt. 83.]

## II.     Legal Standard

"A plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R.

2

Civ. P. 41(a)(1)(A)(i). The dismissal is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(1)(B). A voluntary dismissal with prejudice serves as an adjudication on the merits and thus is a final judgment. *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009); *see Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) (a second voluntary dismissal, which is a dismissal with prejudice, operates as an adjudication on the merits and is a final judgment); 8 James Wm. Moore et al., Moore's Federal Practice ¶ 41.33 (3d ed. 2013). A notice of dismissal is self-executing; no further order from the court is needed. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003); Moore et al, supra, ¶ 41.33. A "motion" for voluntary dismissal will be treated as a notice for voluntary dismissal and thus is also self-executing without further order of the court. *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011); *Edwards-Brown v. Crete-Monee 201-U School Dist.*, 491 Fed. Appx. 744, 746 (7th Cir. 2012) (citing *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008)). Once a plaintiff files a notice of dismissal, "the case is closed and the plaintiff may not unilaterally withdraw or amend the notice." Moore et al, supra, ¶ 41.33. However the plaintiff may move to vacate the notice under Rule 60(b) of the Federal Rules of Civil Procedure. *Schmier*, 569 F.3d at 1243. A motion for relief from a final judgment must be made within a reasonable time and no more than a year after judgment was entered in certain circumstances. Fed. R. Civ. P. 60(c). Although the court has discretion in granting relief, relief from a final judgment is an extraordinary measure and may only be granted in the exceptional circumstances enumerated in Rule 60(b). *Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009); *Nelson*, 657 F.3d at 589; *Schmier*, 569 F.3d at 1243.

### III.     Discussion

Plaintiff seeks to withdraw its notice of dismissal with prejudice as to Lund. Due to the complicated procedural history, simply looking to the actual notice of dismissal is not enough, as an entry of default and default judgment were entered against Lund prior to the notice of dismissal. This makes the notice of dismissal ineffective as the default judgment may only be set aside by way of Rule 60(b). Fed. R. Civ. P. 55(c). Much like how a judgment on the merits cannot be entered after a voluntary dismissal has been filed, a voluntary dismissal cannot occur where a judgment has been entered. *See Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1018 (7th Cir. 2002).

However, Plaintiff then moved to vacate the clerk's entry of default and the default judgment and asked that the matter be dismissed with prejudice. The District Judge granted Plaintiff's motion and dismissed the case against Lund with prejudice. Therefore, the questions become: 1) whether the request for dismissal with prejudice and the subsequent order dismissing the case with prejudice operate as a notice of dismissal under Rule 41(a)(1(A)(i); and, if so, 2) whether the Plaintiff has met the requirements of Rule 60(b) to vacate such dismissal. The Court finds that there is a valid notice of dismissal with prejudice, however, Plaintiff failed to meet the requirements of Rule 60(b) to vacate such dismissal.

With regard to whether there is a valid notice of dismissal, this appears to be a case of first impression. However, given the circumstances, the Court finds that there was a valid notice of dismissal under Rule 41. Plaintiff filed a motion to vacate the default judgment and in that same motion, assuming the motion was granted, asked that Lund be dismissed with prejudice. That is how the District Judge interpreted such motion. As such, the District Judge acknowledged the dismissal against Lund with prejudice, pursuant to the Plaintiff's wishes and intent. Therefore, the Court finds that there is a valid notice of dismissal with prejudice.

4

Even if the notice was invalid, the District Court nonetheless dismissed the case against Mr. Lund with prejudice by way of Plaintiff's motion. This dismissal operates as a final judgment subject to vacatur under Rule 60(b). Fed. R. Civ. P. 60(b).[1]

The question then becomes, whether Plaintiff can just "withdraw" this notice of dismissal. Simply, the answer is no, as the dismissal contituted a final judgment. Moore et al, supra, ¶ 41.33 (plaintiff may not unilaterally withdraw or amend notice); *Schmier*, 569 F.3d at 1243. However, the Court will treat this motion as a motion to vacate the voluntary dismissal under Rule 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> 1) mistake, inadvertence, surprise, or excusable neglect;
> 2) newly discovered evidence [sic];
> 3) fraud [sic], misrepresentation, or misconduct by an opposing party;
> 4) the judgment is void;
> 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, Plaintiff neither cited to Rule 60(b) nor gave a reason under this Rule to vacate the notice of dismissal. Plaintiff simply argues that "the parties had not reached a settlement agreement and therefore the dismissal with prejudice was unintentional." [Dkt. 83.][2] The Court construes this argument as an argument made under Rule 60(b)(1).

Plaintiff does not demonstrate how its argument amounts to mistake, inadvertence, surprise, or excusable neglect. The Court does not find that Plaintiff's actions amounted to mistake or inadvertence. "An inadvertent mistake that might justify relief typically involves a

---

[1] Plaintiff does not assert any error committed by the District Court in granting Plaintiff's motion to vacate and dismiss with prejudice [Dkt. 81].

[2] In Plaintiff's response to Lund's Motion for Attorney Fees, Plaintiff alludes to misrepresentations made by Lund's attorney agreeing not to pursue attorney fees. [Dkt. 98 at 2.] However, that argument was not made in the present motion and is therefore waived. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

misunderstanding of the surrounding facts and circumstances." *Eskridge*, 577 F.3d 806 at 809. A look at the circumstances show that Plaintiff twice filed requests with the Court – each filing being hours apart – to not only dismiss the action against Lund, but to dismiss it with prejudice. These filings show an unequivocal intent to dismiss Lund with prejudice. Plaintiff argues that the dismissal with prejudice was "unintentional" as the parties had not reached a settlement agreement. The Court has difficulty believing this to be a mistake: either you have a settlement or you don't. This fact should certainly be known prior to dismissal. It is likely that the parties agreed that Plaintiff would dismiss Lund with prejudice, however, they either did not agree to or did not discuss the impact this would have on any potential claim by Lund for attorney's fees. [*See* Dkt. 100 at 2 (Lund asserts that there was an agreement to dismiss with prejudice); Dkt. 102 (Plaintiff asserts that "the parties had not reached a consensus as to the *terms* of the settlement agreement under which Defendant would be dismissed" (emphasis added).] The fact is, a dismissal with prejudice could make a defendant a prevailing party under the Copyright Act, which is a ground for the defendant to obtain attorney's fees.[3] 17 U.S.C. § 505. It appears to the Court that Plaintiff may not have fully contemplated the consequences of the settlement and/or the consequences of prematurely dismissing Lund with prejudice before resolving the attorney's fee issue. Either way, Plaintiff's multiple filings demonstrate a clear and unequivocal intent to dismiss Lund with prejudice. "Since [Plaintiff] made a 'deliberate, strategic choice' to dismiss . . . . , counsel's incorrect assessment of the consequences of that choice [does] not compel relief under Rule 60(b)." *Eskridge*, 577 F.3d at 810 (*citing McCormick*, 230 F.3d at 327). Therefore, the Court does not find that Plaintiff's actions were inadvertent or a mistake.

Nor can Plaintiff's actions be seen as excusable neglect in light of the fact that the district court entered that order on Plaintiff's own motion. *Id.* at 809. "Excusable neglect . . . covers

---

[3] Lund's Motion for Attorney's Fees [Dkt. 87] will be addressed in a separate order.

unintentional omissions, such as missed filing deadlines; it does not apply to a plaintiff's *deliberate* actions." *Edwards-Brown*, 491 Fed.Appx. at 747 (emphasis in original). Thus the Court does not find any exceptional circumstances that would warrant extraordinary relief under Rule 60(b).

## IV. Conclusion

For the reasons set forth above, the Court recommends that Plaintiff's Motion to Withdraw Voluntary Dismissal [Dkt. 83] be **DENIED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 11/13/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric James Menhart
LEXERO LAW FRIM
eric.menhart@lexero.com

Mark Simpson Davis
MARK DAVIS LAW FIRM
mdavis@davislaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com