UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| PATRICK COLLINS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-00844-TWP-MJD |
| ) | |
| v. ) | |
| ) | |
| MATTHEW OLDLAND, DERRICK LUND, ) | |
| RADLEY HADDAD, DEREK LOWERY ) | |
| and JOHN DOES 5, 6, 7, 9, 10, 11, and 12. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR COSTS AND FEES
PURSUANT TO 28 U.S.C. § 1927**

**I.   INTRODUCTION**

Defendant's Motion for Attorney Fees (CM/ECF 87) attempts to recover "fees incurred that are common to multiple defendants[.]"  CM/ECF 87-8, at p. 3.  Significantly, these fees were incurred by defense counsel in relation to clients involved in outside litigation.  Attempting to recover these outside fees from Plaintiff is clearly improper and warrants the imposition of sanctions against defense counsel for unreasonably and vexatiously multiplying the proceedings in violation of 28 U.S.C. § 1927.  As explained below, no reasonably careful attorney would have attempted to recover these improper fees, and accordingly, this Court should grant Plaintiff's Motion and sanction Defendant's counsel.

**II.   DEFENDANT IMPROPERLY SEEKS FEES FOR OTHER CLIENTS AND CASES**

Defendant improperly seeks fees for work that his counsel billed to other clients in the amount of $1,620.83.  *See* CM/ECF 87-8 at *3.  This request is not authorized by the Copyright Act and every item on this separate bill should be excluded.  Indeed, the Copyright Act expressly

1

limits fee awards to the "prevailing party". *See* 17 U.S.C. §505.  While Defendant may be deemed the prevailing party in this case, none of defense counsel's other clients have demonstrated themselves to be the prevailing party.  To the contrary, Your Honor held that defense counsel's client, Neville Fernandes, was not the prevailing party.  *See Malibu Media, LLC v. Cotton*, 1:12-CV-00845-TWP, 2013 WL 1800583 (S.D. Ind. Apr. 29, 2013) ("Defendant has not demonstrated that he is a prevailing party".)  Yet, defense counsel attempts to bill Plaintiff for work on that case.  *See* CM/ECF 87-8 at *3 on March 6, 2013 ("Review Fernandes' Motion for Attorney Fees and Order and electronically file with court.").

"The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983).  A lawyer in private practice is ethically obligated to exclude from a fee request "hours that are excessive, redundant, or otherwise unnecessary." *Id.*, at 434.  In determining the amount of fees to award, if any, "the district court must eliminate hours spent on unrelated claims on which the plaintiff did not prevail . . . That a plaintiff prevailed on one claim does not entitle him to recover attorneys' fees for time spent on other, unrelated claims." *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 652 (7th Cir. 1985) citing *Hensley*.  "*Hensley* dictates that the court not reward plaintiff's attorney for the time spent in the separate action." *ECOS, Inc. v. Brinegar*, 671 F. Supp. 381, 402 (M.D.N.C. 1987).  "Neither statutory law nor the exceptions to the American Rule allow a recovery of fees for a second lawsuit." *Id*.

In addition to fees for defendants who have not prevailed, Defendant also includes in his fee request work for cases that appeared to have settled before defense counsel was even retained

in this case. *Id*., on February 1, 2013 ("Correspondence with P Nicoletti regarding extension of time/settlement.")[1] And, fee requests for failed motions in unrelated cases. *Id.*, on May 21, 2013 ("Drafting of motion to require defendants to post bond & assembling related exhibits"). Here, there was no motion to post bond. Amazingly, defense counsel even includes research on undersigned in his bill. *Id*., on April 30, 2013 and May 4, 2013: ("update research regarding Nicoletti"; "continuing research regarding P. Nicoletti and drafting and revising letter requesting dismissal"). This is work that the Court suggested "stray[s] dangerously close to a Rule 11 violation and the Court does not expect such conduct to be repeated." *Malibu Media, LLC v. Stephenson*, 1:12-CV-00845-TWP, 2013 WL 5348563 (S.D. Ind. Sept. 23, 2013). It is blatantly wrong to request Plaintiff actually compensate defense counsel for such work, when including it in a motion would likely subject defense counsel to sanctions.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* "The purpose of § 1927 is to 'deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" *Jones v. Metro. Sch. Dist. of Decatur Twp.*, 905 F. Supp. 2d 923, 937 (S.D. Ind. 2012) quoting *Riddle & Assocs., P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir.2005). "Bad faith is required for a § 1927 award, but there is a distinction between subjective and objective bad faith. Subjective bad faith, which is more difficult to prove, is not always necessary and 'must be shown only if the conduct under consideration had an objectively colorable basis." *Bd. of Trustees of Teamsters Local Union No. 716 Pension Fund v. Stones & Rhodes Trucking Co. Inc.*, 2013 WL 3872239, at *2 (S.D. Ind.

---
[1] Defense counsel filed his appearance on this case on May 28, 2013. (CM/ECF 89)

3

2013) citing *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006).  Objective bad faith, however, "does not require a finding of malice or ill will; instead, reckless indifference to the law will qualify."  *Id.*  "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."  *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006) citing *Riddle & Assocs. P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir.2005).

### IV. A REASONABLY CAREFUL ATTORNEY WOULD HAVE KNOWN AFTER APPROPRIATE INQUIRY THAT ATTEMPTING TO RECOVER IMPROPER FEES AND COSTS WAS UNSOUND

Defendant's Motion, which attempts to recover fees from Plaintiff for wholly unrelated clients and cases is unreasonable and vexatious.  By filing this improper request, defense counsel has in bad faith required Plaintiff to spend unnecessary time combing through an extraneous billing statement and responding to the request.  This type of abusive litigation practice is the exact type of practice that Section 1927 is meant to deter.  *Jones v. Metro. Sch. Dist. of Decatur Twp.*, 905 F. Supp. 2d 923, 937 (S.D. Ind. 2012) ("§ 1927 is to 'deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'")  quoting *Riddle & Assocs., P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir.2005).  A reasonably careful attorney in defense counsel's position would have known after appropriate inquiry that attempting to recover fees for work done for parties who have not prevailed and are therefore not entitled to fees, fees for cases that settled prior to defense counsel being retained, fees for failed motions in unrelated cases, and fees for conducting extraneous research on undersigned which led to a stern rebuke from the Court, is an unsound course of action.  *See Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006) citing *Riddle & Assocs. P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir.2005).  Defendant's Motion is therefore objectively

unreasonable and vexatious.

## V. PLAINTIFF IS ENTITLED TO A SUBSTANTIAL AWARD

The Court has broad discretion to award sanctions under § 1927 and such sanctions are intended to be "compensatory, not punitive." *Bd. of Trustees of Teamsters Local Union No. 716 Pension Fund v. Stones & Rhodes Trucking Co. Inc.*, 2013 WL 3872239, at *1 (S.D. Ind. 2013). Significantly, however, "[a]n award under § 1927 depends (as an award under Rule 11 does not) on a finding of bad faith. It is awfully hard to see why a lawyer who acted in bad faith should be let off lightly." *Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009) (upholding award of sanctions under § 1927 and refusing to reduce amount awarded). *See also Tillman v. New Line Cinema*, 374 F. App'x 664, 666-67 (7th Cir. 2010) (upholding $60,000 sanction noting, "[s]anctions under § 1927 are meant to compensate the party that has been injured by a lawyer's bad-faith conduct and to compel the lawyer to bear the costs of his own lack of care.") Because of Defense counsel's bad faith vexatious filing, which caused Plaintiff to incur excess costs and fees, Plaintiff is entitled to a substantial sum.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter an order sanctioning defense counsel, awarding Plaintiff its fees and costs, and granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: November 19, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*