**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT INDIANA**

| | | |
|---|---|---|
| PATRICK COLLINS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. <u>1:12-cv-00844-TWP-MJD</u> |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW OLDLAND, DERRICK LUND, | ) | |
| RADLEY HADDAD, DEREK LOWERY | ) | |
| and JOHN DOES 5, 6, 7, 9, 10, 11, and 12. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DERRICK LUND'S MOTION FOR ATTORNEYS' FEES [CM/ECF 87]**

### I.       INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion for Attorney's Fees because Plaintiff has substantial evidence that Defendant is the infringer and awarding him fees would not further the purposes of the Copyright Act.  Here, all of the Supreme Court's factors for courts to consider when determining whether to award fees under the Copyright Act weigh in favor of denying Defendant fees.  And, the Seventh Circuit's factors also weigh in favor of denying fees because Plaintiff's case is strong.  However, if the Court is inclined to grant Defendant fees, the Court should dramatically reduce the award because Defendant has failed to exercise billing judgment consistent with Seventh Circuit principles.  For the foregoing reasons, as explained more fully below, this Court should deny Defendant's Motion.

### II.      FACTS

#### A.  Procedural History

On September 26, 2012, Plaintiff filed its Amended Complaint asserting counts for direct and contributory copyright infringement against Defendant.  *See* CM/ECF 27.  Defendant was

served on November 8, 2012.  *See* CM/ECF 60.  Although it appears Defendant retained defense counsel on March 29, 2013, Defendant did not respond to this motion or otherwise file anything with the Court.  *See* CM/ECF 87-8 at *2.  On April 16, 2013 Plaintiff filed its motion for default judgment.  See CM/ECF 72.  On May 7, 2013 Defendant first contacted Plaintiff and provided a declaration claiming that he was not properly served.  *See* Exhibit A. While Plaintiff was in the process of investigating this claim, default judgment against Defendant in the amount of $22, 995.00 was entered by the Court on May 13, 2013.  *See* CM/ECF 75.

Undersigned dismissed Defendant prematurely with prejudice on May 14, 2013.  *See* CM/ECF 77.  On May 14, 2013, undersigned also filed an Unopposed Motion to Vacate Judgment.  *See* CM/ECF 79.  This motion was granted on May 15, 2013.  *See* CM/ECF 81.  On May 16, 2013, Plaintiff filed its Motion to Withdraw Voluntary Dismissal of Defendant.  *See* CM/ECF 83.  Defendant's Motion for Attorney Fees was filed on May 24, 2013.  *See* CM/ECF 87.  On October 24, 2013 the Court entered a Report and Recommendation denying Plaintiff's Motion to Withdraw the Voluntary Dismissal.  *See* CM/ECF 113.  Plaintiff files this response to Defendant's Motion for Attorney's Fees addressing the merits of Defendant's claims.

### B.  Plaintiff Has Substantial Evidence Against Defendant And Was Likely to Succeed on the Merits

Although Plaintiff agreed to dismiss its claims against Defendant based on improper service,[1] Plaintiff's evidence against Defendant is significant.  IPP, Plaintiff's investigator, recorded Defendant infringing movies on BitTorrent 103 separate times.  *See* Exhibit B.[2]  The infringement lasted from February 25, 2012 until May 24, 2012.  *Id.*  In Defendant's affidavit, Defendant swears under oath that he moved to his new apartment on May 25, 2012.  *See* Exhibit

---

[1] Plaintiff did not become aware of any issues regarding its process server until notified by Defendant.  Up and until this point Plaintiff had always considered its process server reliable and had no reason to suspect otherwise.

[2] In order to avoid any embarrassment to Defendant, Plaintiff has removed all titles except for the title in this case and replaced it simply with "Copyrighted Movie".

A at ¶ 3.  Indeed, it appears the infringement stopped exactly when Defendant moved.  *Id.*  This demonstrates that IPP correctly identified Defendant's IP address as infringing Plaintiff's movies and Comcast correctly correlated the IP address to Defendant.  It also creates a strong presumption that Defendant is the infringer.  Defendant has not, at any point, denied this claim.

## III.    LEGAL STANDARD

Section 505 of the Copyright Act provides that "in its discretion" a district court may "award a reasonable attorney's fee to the prevailing party as part of the costs".  17 U.S.C. § 505. The Supreme Court has held that a fee award must be "faithful to the purposes of the Copyright Act".  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455 (1994).  "The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004).  "When a court exercises its discretion to award attorney's fees under § 505 it should consider such non-exclusive factors as 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 571 (7th Cir. 2003) citing *Fogerty.* "If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees." *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004).

## IV.    ATTORNEY'S FEES SHOULD NOT BE AWARDED

### A. The Assessment Technologies Factors Do Not Support An Award to Defendant

"[T]he strength of the prevailing party's case-is an important factor." *Traicoff v. Digital Media, Inc.*, 1:03-CV-1781JDTWTL, 2007 WL 2286133 (S.D. Ind. Aug. 7, 2007).

This case is not about a Defendant who prevailed on the merits.  In this case, Plaintiff granted Defendant a generous stipulation and agreed to vacate the default judgment.  As set forth above, Plaintiff stipulated to a dismissal because of an issue of service.  But, every single piece of evidence that has been presented so far in this case indicates that Defendant is the infringer.  Here, the presumption in favor of awarding Defendant fees should be overcome because of Plaintiff's strength of case.

"The court does not take *Assessment Technologies* to require in every case a sanction on a losing plaintiff who in good faith sought its day in court." *Traicoff v. Digital Media, Inc.*, 1:03-CV-1781JDTWTL, 2007 WL 2286133, *3 (S.D. Ind. Aug. 7, 2007).  In *Traicoff*, this Court denied a defendant's petition for attorney's fees in a copyright infringement action because the "[p]laintiff honestly and reasonably believed that there was infringement." *Id*.  Likewise, in this case, Plaintiff had every reason to believe that there was an infringement and, if the case had not been terminated early, Plaintiff likely would have prevailed.  *See e.g. Malibu Media, LLC v. Stephenson*, 1:12-CV-00845-TWP, 2013 WL 5348563 (S.D. Ind. Sept. 23, 2013) ("the Court finds that Plaintiff has a likelihood of success on the merits.").  It would be unjust to reward Defendant with attorney's fees simply because of Plaintiff's counsel error when attempting to litigate in good faith.

## B.  The Four *Fogerty* Factors Weigh Against Awarding Attorney's Fees

### 1.   Plaintiff's Claims Were Not Frivolous

This Court has repeatedly held that filing a claim for copyright infringement through the BitTorrent protocol is not frivolous.  *See e.g. Malibu Media, LLC v. Tashiro*, 1:13-CV-00205-WTL, 2013 WL 5366356 (S.D. Ind. Sept. 25, 2013) ("The Court does not find that this case is frivolous in nature and instead finds that Plaintiff has a likelihood of success on the merits"); *Patrick Collins, Inc. v. John Doe No. 3*, 1:12-CV-00844-TWP, 2013 WL 820307 (S.D. Ind. Mar.

5, 2013) (denying motion to quash); *Malibu Media, LLC v. Harris*, 1:12-CV-1117-WTL-MJD, 2013 WL 3780571 (S.D. Ind. July 18, 2013) (denying motion to dismiss and finding the plaintiff's claims "plausible").

This is consistent with other courts throughout the Seventh Circuit. Indeed, Judge Cudmore in the Central District of Illinois rejected the argument that Plaintiff's suit was frivolous:

> Doe/4 further makes no showing that Collins is fabricating a false claim. Doe/4 does *not* allege that Collins pulled the Alleged IP Addresses out of thin air without a good faith basis to believe those addresses were used to download the Work. Doe/4 does *not* challenge any of the procedures used by Collins' investigator to identify infringing IP addresses, including the Alleged IP Addresses. Doe/4 does *not* dispute that the Alleged IP Addresses were used to download and upload portions of the same unique copy of the Work. Doe/4, thus, does *not* dispute that Collins traced the Alleged IP Addresses to this District. Doe/4 presents *no* basis for the claim that Collins is improperly attempting to extract settlements from innocent people.

*Patrick Collins, Inc. v. John Does 1-9*, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. Sept. 18, 2012). Similarly, here, Defendant puts forth no evidence that Plaintiff's claim is frivolous. And, Courts throughout the country have found that Plaintiff's claims survive a motion to dismiss. "In the Court's view, the Plaintiff has adequately pled a plausible claim of copyright infringement by providing sufficient detail as to the acts the John Doe Defendant took in infringing the copyright, including going to a torrent site; participating in a swarm; and copying a piece of the copyrighted work identified by a unique hash number." *Patrick Collins, Inc. v. John Doe 1*, 12-CV-1154 ADS GRB, 2013 WL 2177787 (E.D.N.Y. May 18, 2013); *see also Patrick Collins, Inc. v. John Does 1-28*, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013) ("the complaint states a prima facie case of copyright infringement"). Accordingly, Plaintiff's suit is not frivolous. Indeed, as set forth above, Plaintiff has substantial evidence that Defendant committed the infringement and has accurately traced the infringement to Defendant's residence.

Defendant's argument that Plaintiff's suit is frivolous because it joined defendants is entirely without merit.  Indeed, this Court, in this case, held that joinder of the defendants is proper.  *See* CM/ECF 63 ("The Court finds joinder is proper here and denies Defendant Lowery's motion to dismiss or sever the claim against him").

### 2.  Plaintiff's Motivation Was Proper

"[P]rotection of one's copyright constitutes a permissible motivation in filing a copyright infringement case against one whom the copyright holder believes in good faith to have infringed the copyright."  *Collins v. Doe*, CIV.A. H-10-2882, 2013 WL 2896822 (S.D. Tex. June 12, 2013).  Here, Plaintiff's only motivation was to protect its copyright and stop the repeated infringement of its works.  Plaintiff has a serious problem with copyright infringement through the BitTorrent protocol and has no other choice but to file these suits against infringers.  "Doe/4's joinder argument depends on the contention that many thousands of people are anonymously and illegally copying the Work over the Internet. The proliferation of these types of lawsuits would be expected given the alleged infringement by thousands of people. The volume of lawsuits alone does not indicate any impropriety."  *Patrick Collins, Inc. v. John Does 1-9*, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. Sept. 18, 2012).

### 3.  Plaintiff's Actions Were Reasonable

Plaintiff's suit against Defendant was clearly reasonable.  As set forth above, Plaintiff has substantial evidence that Defendant engaged in copyright infringement and a legal right to pursue its claims against him.

Defendant's argument that Plaintiff is unable to prove Defendant copied the movie is without merit.  Specifically, Plaintiff's full hit data demonstrates that Defendant downloaded the infringing content for a period of almost twelve hours.  *See* Exhibit B.  This indicates that Defendant likely downloaded a full and complete copy of Plaintiff's copyrighted movie.  And,

Plaintiff's full hit data also demonstrates that the infringer had continuous access to Defendant's Internet for three months. *Id*. This shows that the infringer was an individual with consistent access to Defendant's Internet. Clearly the infringer was able to download complete and viewable copies of the movies it downloaded on BitTorrent because it continued to go back for more. Finally, as set forth above, Plaintiff knows that its technology accurately coordinated to Defendant's IP address because the infringement stopped the day Defendant moved, per his affidavit. *See* Exhibit A and B. Therefore, there is absolutely no risk of Defendant's so called "false positives". All of the evidence in this case demonstrates that Plaintiff's claims were reasonable.

4. Compensating Defendant Will Not Further the Purposes of the Copyright Act

"[T]he Copyright Act's primary objective is to encourage the production of original literary, artistic, and musical expression for the public good." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 1025, 127 L. Ed. 2d 455 (1994). Allowing an infringer to obtain an award of fees simply because Plaintiff dismissed its suit based on a service error would violate the purposes of the Copyright Act. Indeed, it would unfairly punish a copyright holder for bringing a lawful and justified claim for infringement and further dissuade other copyright holders from exercising their rights.

5. Plaintiff Does Not Need to Be Deterred

Defendant's argument that Plaintiff should be deterred is nonsensical. In this case, Plaintiff was acting within its rights as a copyright holder to stop Defendant from violating the law. "One person's cottage industry in harassing lawsuits is another person's vigilant defense of property rights. The Work may or may not be pornographic, but Collins has alleged that it owns the copyright to the Work and, if so, is entitled to the same protections as the owners of any other

7

copyrighted work." *Patrick Collins, Inc. v. John Does 1-9*, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. Sept. 18, 2012); *see also Malibu Media, LLC v. Stephenson*, 1:12-CV-00845-TWP, 2013 WL 5348563 (S.D. Ind. Sept. 23, 2013) ("to require Plaintiff to post this amount for a bond for every defendant would prevent Plaintiff from pursuing infringers, which it has a legal right to do"). Plaintiff is acting within its legal rights and should not be deterred from doing so.

## C. Even If The Court Finds Defendant is Entitled To Some Fees, The Court Should Dramatically Reduce The Amount Requested

"[A] fee applicant is expected to exercise 'billing judgment' in deciding which hours are 'properly billed to one's *adversary* pursuant to statutory authority.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999). "[T]he court has an obligation to exclude hours that were not 'reasonably expended' on the litigation from this initial fee calculation." *Romary Associates, Inc. v. Kibbi LLC*, 1:10-CV-376, 2011 WL 4948834 (N.D. Ind. Oct. 18, 2011).

Here, defense counsel did not exercise "billing judgment". Instead, defense counsel chose to take advantage of the statutory framework by requesting excessive and unreasonable fees in bad faith. Defense counsel's only justification for his fee amount is that it is reasonable compared to copyright cases that have been fully litigated through trial. *See* CM/ECF 87 at *10. This comparison neglects to consider that Defendant spent less than 12 hours on this litigation, hardly the hundreds required to litigate a copyright case. Indeed, defense counsel did not even make an appearance in this case except for the sole purpose of receiving their attorney's fees. Not surprisingly, Defendant does not attempt to justify his request for his fee amount in any other way.

### 1. Defendant Cannot Bill for Other Clients and Cases

Defendant improperly seeks fees for work that his counsel billed to other clients in the amount of $1,620.83. *See* CM/ECF 87-8 at *3. This request is not authorized by the Copyright

Act and every item on this separate bill should be excluded.  Indeed, the Copyright Act expressly limits fee awards to the "prevailing party".  *See* 17 U.S.C. §505.  While Defendant may be deemed the prevailing party in this case, none of defense counsel's other clients have demonstrated themselves to be the prevailing party.  To the contrary, your Honor held that defense counsel's client Neville Fernandes was not the prevailing party.  *See Malibu Media, LLC v. Cotton*, 1:12-CV-00845-TWP, 2013 WL 1800583 (S.D. Ind. Apr. 29, 2013) ("Defendant has not demonstrated that he is a prevailing party".)  Yet, defense counsel attempts to bill Plaintiff for work on that case.  *See* CM/ECF 87-8 at *3 on March 6, 2013 ("Review Fernandes' Motion for Attorney Fees and Order and electronically file with court").

"The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."  *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983).  In determining the amount of fees to award, if any, "the district court must eliminate hours spent on unrelated claims on which the plaintiff did not prevail . . . That a plaintiff prevailed on one claim does not entitle him to recover attorneys' fees for time spent on other, unrelated claims."  *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 652 (7th Cir. 1985) citing *Hensley.* "*Hensley* dictates that the court not reward plaintiff's attorney for the time spent in the separate action."  *ECOS, Inc. v. Brinegar*, 671 F. Supp. 381, 402 (M.D.N.C. 1987).  "Neither statutory law nor the exceptions to the American Rule allow a recovery of fees for a second lawsuit."  *Id*.

Defendant also improperly includes in his fee request work involving cases that appeared to have settled before defense counsel even was retained in this case.  *Id*. on February 1, 2013 ("Correspondence with P Nicoletti regarding extension of time/settlement.")  And, fee requests

for failing motions in unrelated cases. *Id.* on May 21, 2013 ("Drafting of motion to require defendants to post bond & assembling related exhibits"). Here, Defendant did not file a motion to post bond.

Amazingly, defense counsel even includes research on undersigned in his bill. *Id.* on April 30, 2013 and May 4, 2013: ("update research regarding Nicoletti"; "continuing research regarding P. Nicoletti and drafting and revising letter requesting dismissal"). This is work that the Court has suggested "stray[s] dangerously close to a Rule 11 violation and the Court does not expect such conduct to be repeated." *Malibu Media, LLC v. Stephenson*, 1:12-CV-00845-TWP, 2013 WL 5348563 (S.D. Ind. Sept. 23, 2013). It is blatantly wrong to request Plaintiff actually compensate defense counsel for it here, where including it in a motion would likely subject defense counsel to sanctions.

## 2. Defense Counsel Has Only Completed Minimal Work

"In exercising 'billing judgment,' the Supreme Court emphasized that counsel for the prevailing plaintiff should 'exclude from a fee request hours that are excessive, redundant, or *otherwise unnecessary,* just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999). The majority of Defendant's fees are for drafting two declarations, one of which never materialized (or at least was never presented to the Court or Plaintiff). *See CM/ECF* 87-8 at *2 (calculating 7.08 hours spent preparing declarations). 7.08 hours, including time by two attorneys and a paralegal, to prepare a simple declaration is excessive. "In determining whether the hours spent on preparing motions were reasonable, district courts within the Seventh Circuit Court of Appeals consider the complexity of the factual and legal issues involved." *Romary Associates, Inc. v. Kibbi LLC*, 1:10-CV-376, 2011 WL 4948834 (N.D. Ind. Oct. 18, 2011). The

declaration did not contain any legal or factual complexity and was fairly straight forward. Indeed, all it demonstrated was that Defendant did not reside at his apartment at the time of service.  If the Court is inclined to award fees to Defendant for this work, the Court should reduce the fee award to a reasonable amount.

> 3. Defense Counsel Requests More in Fees for Preparing Their Fee Motion Then Actually Defending the Case

"The fee petitions are marvels of misplaced ingenuity and thoroughness, rehearsing in great detail basic principles well known to the district court and reinforcing our impression that lawyers litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue."  *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) (disallowing two-thirds of the lawyer's hours for fee peititons).  This principal holds true for defense counsel in this case. Defense counsel is actually requesting $4,250.00 for preparing its fee motion and reply, despite only spending $2,806.42 on the actual case.  Further, defense counsel requests $3,500 for a reply when it only expended $750.00 on actually preparing its motion.  This request should be dramatically reduced, if awarded at all.  *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999) (finding it excessive to spend the same amount of time on a fee petition as on the merits of the case and reducing it to 1.6 hours).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's motion for attorney's fees.

Dated:  November 19, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:      /s/ *Paul J. Nicoletti*

Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)