UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00844-TWP-MJD |
| DEREK LOWERY Clerk's Entry of Default | ) |
| Entered 6/18/2013, | ) |
| DERRICK LUND, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANT LUND'S MOTION FOR ATTORNEY FEES

This matter is before the Court on Defendant Derrick Lund's Motion for Attorney Fees. [Dkt. 87.] The Court, being duly advised, **DENIES** Defendant's motion.

Plaintiff filed the instant action on June 18, 2012 against various unnamed defendants identified only by their Internet Protocol ("IP") addresses. Plaintiff alleged that these defendants infringed on Plaintiff's copyrighted works using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. After subpoenaing the internet service provider ("ISP") to identify the owners of the IP addresses, Plaintiff amended its complaint on September 26, 2012 and named Derrick Lund as a defendant. [Dkt. 27.] Plaintiff also filed a second amended complaint on September 27, 2012 [Dkt. 27] and a third amended complaint on November 12, 2012 [Dkt. 46] naming Lund as a defendant.

After failing to file an answer or other pleading, the Clerk entered an entry of default against Lund on March 12, 2013. [Dkt. 64.] Plaintiff moved for default judgment on April 16, 2013 [Dkt. 71] which was granted and judgment was entered against Lund on May 13, 2013 [Dkt. 75]. The following day, May 14, 2013, Plaintiff filed a Notice of Voluntary Dismissal as to

Derrick Lund Only, seeking to dismiss Lund with prejudice [Dkt. 76] and an Unopposed Motion to Vacate the Clerk's Entry of Default and the Default Judgment Entered Against Defendant Derrick Lund and to Dismiss Derrick Lund [Dkt. 79]. On May 15, 2013, Judge Pratt entered an Order granting Plaintiff's motion to vacate the default judgment and dismissed Lund with prejudice. [Dkt. 81.] Judge Pratt also acknowledged Plaintiff's Notice of Voluntary Dismissal, noting that the case was dismissed with prejudice. [Dkt. 82.] The following day, May 16, 2013, Plaintiff filed a motion to withdraw the voluntary dismissal. [Dkt. 83.]

On May 24, 2013, Lund filed a motion for attorney's fees as a prevailing party. [Dkt. 87.] On June 6, 2013, the Court granted Plaintiff's motion to withdraw the voluntary dismissal and reinstated Lund as an active defendant. [Dkt. 91.] Given the Court's order, on June 13, Plaintiff filed a Notice that Lund's motion for attorney's fees is moot. [Dkt. 94.] Subsequently, Lund filed a motion for reconsideration regarding the Court's Order on Plaintiff's motion to withdraw notice of voluntary dismissal. [Dkt. 96.] On July 3, 2013, the Court granted Lund's motion for reconsideration and vacated its Order regarding the motion to withdraw notice of dismissal, finding that Lund was not properly served. [Dkt. 99.] This Court then denied Plaintiff's motion to withdraw the voluntary dismissal leaving Lund dismissed with prejudice as of May 15, 2013. [Dkts. 117, 128.] Having determined that Lund was effectively dismissed with prejudice, the Court now considers Defendant Lund's Motion for Attorney Fees. [Dkt. 87.]

17 U.S.C. § 505 states that "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court has determined that to be a "prevailing party," one must have been awarded some relief by a court. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't. of Health and Human Res. et al.*, 532 U.S. 598 (2001). That court also provided that judgments on the merits and court-ordered consent decrees are things that "create a

material alteration of the parties' legal relationship and thus permit an award." *Id*. at 603-04. The Supreme Court rejected the "catalyst theory" which allows an award where there is no "*judicially sanctioned* change in the parties' legal relationship." *Id.* at 605 (emphasis added). The Seventh Circuit has since adopted this rejection of the catalyst theory. *Walker v. Calumet City, Ill.*, 565 F.3d 1031, 1033 (7th Cir. 2009); *Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601, 603 (7th Cir. 2008); *Southworth v. Bd. of Regents of University of Wisconsin System*, 376 F.3d 757, 771 (7th Cir. 2004). In fact, the Seventh Circuit has held that, to be a prevailing party, the material alteration must arise from a court order. *Walker*, 565 F.3d at 1033; *Southworth*, 376 F.3d at 771.

Lund argues that he is a prevailing party because the claims against him were dismissed with prejudice by a court order. [Dkt. 81.] Although the District Judge dismissed the matter in a court order, as this Court found in Dkt. 117 (adopted by the District Judge in Dkt. 128), the notice of dismissal was self-effectuated when the action against Mr. Lund was revived following the vacatur of the default judgment. Thus, the District Judge's order with regard to the dismissal was superfluous. The order merely acknowledges the dismissal as it did with the actual notice of dismissal filed by Plaintiff. [Dkts. 81 and 82.] Therefore, Mr. Lund lacks the required judicial imprimatur to render him a prevailing party for purposes of a claim for attorney's fees.

Lund relies on *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926 (7th Cir. 2008), as support that a voluntary dismissal with prejudice makes a defendant a prevailing party. However, that case is distinguishable from the instant action. In *Riviera*, the plaintiff sought to voluntarily dismiss the defendant under Federal Rule of Civil Procedure 41(a)(2), which *requires* a court order. 517 F.3d at 927. The plaintiff also sought to dismiss the matter *without* prejudice and the court, in turn, dismissed with prejudice and awarded costs, but not attorney's fees under the Copyright Act. *Id*. at 927-28. The Seventh Circuit held that only a prevailing party is entitled to

costs and if a defendant is a prevailing party for regular costs, he is also a prevailing party under the Copyright Act. *Id*. at 928. While the Seventh Circuit held that the defendant is entitled to prevailing party status since the defendant obtained a favorable judgment, *id*., that ruling did not contradict other holdings from the Seventh Circuit requiring a judicially sanctioned court order to confer prevailing party status. *See Walker*, 565 F.3d at 1033; *Bingham*, 550 F.3d at 603; *Southworth*, 376 F.3d at 771.

Here, the District Judge did not make a finding or determination to dismiss Lund with prejudice. The District Court had no other choice but to acknowledge Plaintiff's dismissal as required under Rule 41(a)(1)(a). Thus the Court Order upon which Lund relies [Dkt. 81], was not "judicially sanctioned" and Lund is not a prevailing party under the Copyright Act.

Plaintiff has also filed a Motion for Costs and Fees Pursuant to 28 U.S.C. § 1927 [Dkt. 119] challenging the amount of attorney's fees Lund's counsel seeks to collect. Specifically, Plaintiff argues that Lund's counsel is attempting to collect attorney's fees for worked performed outside of this case. 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This is a very high standard for which Plaintiff has not met its burden. The proceedings have not been multiplied by the amount requested for attorney's fees as it was part of Lund's motion. It is a natural progression of litigation for the opposing party to challenge the amount of the fees incurred.

For the aforementioned reasons, Defendant Derrick Lund's Motion for Attorney Fees [Dkt. 87] is **DENIED**. As such, Plaintiff's Motion for Leave to File Renewed Opposition to

Defendant Derrick Lund's Motion for Attorney Fees [Dkt. 116] is **DENIED** as moot. Plaintiff's Motion for Costs and Fees Pursuant to 28 U.S.C. § 1927 [Dkt. 119] is also **DENIED**.

Date: 12/09/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric James Menhart
LEXERO LAW FRIM
eric.menhart@lexero.com

Mark Simpson Davis
MARK DAVIS LAW FIRM
mdavis@davislaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

5